```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
RONALD MASSIE,                   :
                                 :
          Plaintiff,             :
                                 :
                                 :
v.                               :   Civil No. 3:25-CV-235 (AWT)
                                 :
JOSEPH PETER LATINO and WELLS    :
FARGO BANK, N.A.,                :
                                 :
          Defendants.            :
-------------------------------- x
```

## RULING ON MOTIONS TO DISMISS

Plaintiff Ronald Massie has filed a six-count Complaint against Wells Fargo Bank, N.A. and its attorney, Joseph Peter Latino, claiming he was harmed by their conduct during the course of a Connecticut Superior Court eviction action against the plaintiff. The defendants have each filed a motion to dismiss the Complaint. For the reasons set forth below, the motions to dismiss are being granted.

I.   BACKGROUND

Massie incorporates by reference various filings in a Connecticut Superior Court eviction action, in which he is a defendant. See Wells Fargo Bank, N.A. v. Ronald Massie, No. NWH-CV24-6011443-S (Conn. Super. Ct. Mar. 27, 2025) (the "Eviction Action"). That action concluded on March 27, 2025 when Massie did not appear for trial. See Judgment of Possession, id., Dkt.

-1-

140.00 (Mar. 27, 2025). A Summary Process Execution for Possession was returned satisfied on November 12, 2025. See Execution Returned Satisfied, id., Dkt. 182.00.

The factual allegations in the Complaint include those set forth below. "By Return Date of October 17, 2024, defendant Wells Fargo over the signature of Reuben Manning, Juris No. 433869, filed suit against plaintiff Massie in the Connecticut Superior Court alleging *inter alia* that plaintiff was an unrepentant squatter in his own home, and demanding that the Connecticut Superior Court issue what can only be described as an instrument of 'possession' in favor of defendant Wells Fargo." Compl. (ECF No. 1-1) at 5,[1] ¶ 6. "Defendant Wells Fargo also filed a claim alleging that plaintiff Massie's sons, wife, and others were unrepentant squatters in the Massie home, and sued them also as equal codefendants." Id. at ¶ 7.

"In truth, Reuben Manning has never spoken to anyone within defendant Wells Fargo Bank as to this Massie matter, was not retained by Wells Fargo to represent Wells Fargo, has no attorney client relationship with Wells Fargo, did not engage in the receipt and exchange of confidential information with anyone at Wells Fargo, and nobody at Wells Fargo Bank ever heard of Reuben Manning[] . . . ." Id. at 6, ¶ 12.

---

[1] The page numbers cited to in this ruling for documents that have been electronically filed refer to the page numbers in the header of the documents and not to the page numbers in the original documents, if any.

"Referencing the above-cited litigation, Reuben Manning filed, under a claim of representation of Wells Fargo, a certain Pleading titled '[Wells Fargo Bank's] Objection to Motion to Dismiss,' dated October 16, 2024." Id. at ¶ 13. "Defendant Joseph Latino thereupon filed a 'Limited Appearance' on October 18, 2024, asserting his Appearance was limited to defending against Ronald Massie's Motion to Dismiss." Id. "Latino duly Appeared before the Court, argued against the Massie Motion, claimed he represented Wells Fargo, and in reliance of that Appearance, the Court allowed defendant Latino [to] address the Court." Id. at 6-7, ¶ 13. "Thereafter, defendant Latino filed a 'Certificate of Completion' on November 08, 2024, asserting his Appearance for defendant Wells Fargo was 'completed.[']" Id. at 7, ¶ 14.

"On December 16, 2024, plaintiff Massie filed a Motion to Dismiss the Wells Fargo *Complaint* pursuant to the prior-pending action principle, in the above-recited summary process matter. Thereupon, once again Reuben Manning filed a Pleading titled '[Wells Fargo] Objection to Motion to Dismiss,['] dated December 16, 2024. On the exact same date, defendant Latino filed yet another 'Limited Appearance,' limited to the matter of the Manning Filing of the same date, and again reciting that he, Joseph Latino, Appeared for (defendant herein) Wells Fargo for the limited matter of arguing against the Massie Motion to

Dismiss, docket no. 117.00." Id. at 7, ¶ 15 (emphasis in original).

"Plaintiff Massie is being abused by the tag-team of Reuben Manning and Joseph Latino, neither of whom have ever spoken to, received instructions from, or engaged in the receipt and exchange of confidential information with, nor signed a retainer agreement with, defendant Wells Fargo Bank. Nonetheless, defendant Wells Fargo tolerated, tacitly approved, and failed to intercede with the actions of the non-party Reuben Maiming and the defendant Joseph Latino which were being undertaken in the name of defendant Wells Fargo, all to the harms, losses and injuries of plaintiff." Id. at 7, ¶ 16.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a

factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

When interpreting the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it]

-5-

suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "Nonetheless, a pro se complaint must state a plausible claim for relief". Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (citing Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009)).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). Consistent with the liberal reading of a pro se plaintiff's complaint, "[a] district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion." Walker, 717 F.3d at 122 n.1.

### III. DISCUSSION

Accepting as true all factual allegations in the Complaint and drawing inferences in a light most favorable to the plaintiff, each of the six counts in the Complaint fails to

state a claim upon which relief can be granted. Also, for the reasons set forth below, the Complaint is being dismissed without leave to amend.

**A.   First Count**

The First Count is a claim against both defendants for abuse of process based on the defendants bringing and pursuing the Eviction Action.

> "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. Varga v. Pareles, [137 Conn. 663, 667, 81 A.2d 112 (1951)]; Schaefer v. O.K. Tool Co., 110 Conn. 528, 532–33, 148 A. 330 (1930). Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another *primarily* to accomplish a purpose for which it is not designed . . . . Comment b to § 682 explains that the addition of primarily is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. See also 1 F. Harper, F. James & O. Gray, Torts (2d Ed. 1986) § 4.9; R. Mallen & V. Levit, Legal Malpractice (2d Ed. 1981) § 61; W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 121." (Emphasis in original; internal quotation marks omitted.) Suffield Development Associates Ltd. Partnership v. National Loan Investors, L.P., 260 Conn. 766, 772–73, 802 A.2d 44 (2002).

Larobina v. McDonald, 274 Conn. 394, 403-04 (2005).

The plaintiff alleges that Attorney Manning and Attorney Latino initiated and pursued the Eviction Action in Wells Fargo's name without consulting Wells Fargo and that "Wells Fargo tolerated, tacitly approved, and failed to intercede with

-7-

the actions of the non-party Reuben Manning and the defendant Joseph Latino." Compl. at 7, ¶ 16. The Complaint does not contain factual allegations that could support a conclusion that any defendant used the Eviction Action "primarily to accomplish a purpose for which it is not designed," Larobina, 274 Conn. at 403 (quoting Suffield, 260 Conn. at 772-73)--i.e., primarily for a purpose other than removing the plaintiff from the premises.

Therefore, the First Count is being dismissed.

### B. Second Count

The Second Count is a claim against defendant Wells Fargo for engaging "in the pernicious and abusive practice of deceit." Compl. at 9, ¶ 20. The plaintiff alleges that "[d]efendant Wells Fargo tolerated, permitted, and otherwise tacitly encouraged" Attorney Manning when he included the plaintiff's two sons as defendants in the Eviction Action. Id. at 8, ¶ 17. These statements do not satisfy Federal Rules of Civil Procedure 8(a) or 9(b) because they are conclusory and they do not plead fraud with particularity. Nor do they allege that Wells Fargo engaged in any fraud or misrepresentation, only that Attorney Manning improperly named the plaintiff's sons in the Eviction Action.

Therefore, the Second Count is being dismissed.

### C. Third Count

The Third Count is a claim against both defendants for "fraud on the [Connecticut Superior] Court." Id. at 9, ¶ 17. The

Complaint alleges that "[t]he acts and practices of Defendants in untruthfully claiming to the Court itself that plaintiff's sons were resident squatters in the Massie Homestead were expressly designed to wreak a deceit upon the Court, and were and are intended to induce the Court to issue Rulings and Judgements based on the untruthful representations of Defendants . . . ." Id.

In Suffield Development Associates Ltd. Partnership v. National Loan Investors, L.P., the Connecticut Supreme Court declined to recognize an independent cause of action for fraud on the court:

> [W]hen one party has made fraudulent representations to a court, or caused a court to be misled in some way, it could be said generally that the party has committed fraud on the court. See Davis v. Fracasso, 59 Conn.App. 291, 298, 756 A.2d 325 (2000) (defendant claimed plaintiff committed fraud on court by inflating amount of income lost after motor vehicle accident). The statutory remedy for fraud on the court is that the Superior Court may grant a new trial for "reasonable cause"; General Statutes § 52-270(a); which includes "every cause for which a court of equity could grant a new trial, such as, for example, fraud, accident and mistake." (Internal quotation marks omitted.) Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 391, 132 A.2d 573 (1957). Yet, the plaintiff in the present case frames its allegations as a tort claim and seeks damages rather than an equitable review of the execution allegedly obtained by fraud...
>
> We are unwilling to create a new common-law cause of action on that basis.

260 Conn. at 779-80 (footnote omitted).

In Mazzei v. The Money Store, the court recognized a

-9-

federal cause of action for "fraud on the court." 62 F.4th 88, 93 (2d Cir. 2023). "[T]o sustain an independent action for fraud on the court, a plaintiff must prove, by clear and convincing evidence, that the defendant interfered with the judicial system's ability to adjudicate impartially and that the acts of the defendant must have been of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense." Id. at 93–94. Even assuming this court has subject matter jurisdiction over a Mazzei claim for fraud on a state court, as opposed to a fraud on a federal court,[2] there are no factual allegations in the Complaint that could establish either that Wells Fargo's conduct either interfered with the Connecticut Superior Court's ability to adjudicate impartially, or prevented the plaintiff from fully and fairly presenting a case or defense in the Eviction Action. He only alleges that Wells Fargo's attorneys improperly named his sons as defendants in the Eviction Action.

Therefore, the Third Count is being dismissed.

D.  **Fourth Count**

The Fourth Count is a claim against both defendants,

---

[2] "On some occasions . . . considerations of judicial economy and restraint may persuade the court to avoid a difficult question of subject-matter jurisdiction when the case may be disposed of on a simpler ground." Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 155 (2d Cir. 1996). "In exercising its discretion as to which question to consider first, a court should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved and that the alternative ground is considerably less difficult to decide." Id. Those requirements are satisfied here.

alleging "Latino deceits and the participation of defendants Wells Fargo therein." Compl. at 11, ¶ 21.

The plaintiff alleges that "[t]he suggestion, by defendant Latino, that he is somehow authorized to file successive 'Limited Appearances' claiming representation of a major, indeed massive, national association bank for the limited purposes of litigating one specific item on a housing docket, is patently absurd." Id. at 10, ¶ 17. This conclusory allegation by the plaintiff lacks merit. See Conn. R. Prof. Conduct Sec. 3-8(b); Conn. Super. Ct., Limited Appearance, JD-CL-121 Rev. 2-16 (ECF No. 22-2 at 2).

The Complaint alleges that Wells Fargo participated in deceit engaged in by Latino but the plaintiff fails to allege conduct on behalf of Attorney Latino that constituted deceit.

Therefore, the Fourth Count is being dismissed.

**E.   Fifth Count**

The Fifth Count is for "injunctive relief." Compl. at 11, ¶ 22. "[A] request for injunctive relief is not a separate cause of action." Springfield Hosp. v. Hofmann, No. 5:09-CV-254, 2011 WL 3421528, at *2 (D. Vt. Aug. 4, 2011) (citing Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382, 406-07 (S.D.N.Y 2010) ("Declaratory judgments and injunctions are remedies, not causes of action.")), aff'd, 488 F. App'x 534 (2d Cir. 2012).

Therefore, the Fifth Count is being dismissed.

**F.    Sixth Count**

The Sixth Count is a claim against both defendants for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq. Compl. at 11, ¶ 22. "To state a claim under CUTPA, a plaintiff must plead that she (1) suffered an ascertainable loss of money or property, (2) that was caused by, (3) an unfair method of competition or an unfair or deceptive act in the conduct of any trade or commerce." Smith v. Wells Fargo Bank, N.A., 158 F. Supp. 3d 92, 100 (D. Conn. 2016) (citing Edwards v. N. Am. Power & Gas, LLC, 120 F. Supp. 3d 132, 141 (D. Conn. 2015)), aff'd, 666 Fed. App'x 84 (2d Cir. 2016). The plaintiff alleges that "[d]efendants are persons or entities engaging in fraud upon a consumer." Compl. at 11, ¶ 23.

As an initial matter, the Connecticut Supreme Court has "conclude[d] that in a situation where a party to a lawsuit sues the adversary's lawyer, CUTPA does not provide a private cause of action." Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 496 (1995), quoting Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 726 n.15 (1993). In addition, there are no factual allegations in the Complaint that could support a conclusion that either defendant engaged in fraud.

Therefore, the Sixth Count is being dismissed.

**G.    No Leave to Amend**

The court will not grant leave to amend the Complaint.

"[I]t is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint." Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91 (2d Cir. 2003) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Koehler v. Bank of Bermuda (N.Y.) Ltd., 209 F.3d 130, 138 (2d Cir. 2000)).

. . . As a general matter, the Second Circuit has recognized that the solicitude afforded to pro se litigants includes a "relaxation of the limitations on the amendment of pleadings[.]" Tracy[ v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010)] (citing Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980)) ("A pro se plaintiff . . . should be afforded an opportunity fairly freely to amend his complaint."); see also Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) ("A pro se complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (quoting Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)) (internal quotation marks and alterations omitted).

But where there is no indication that pleading additional facts would resuscitate a claim that has been dismissed, the Court need not grant leave to amend. See Gruillon, 720 F.3d at 140 ("Leave to amend may properly be denied if the amendment would be 'futil[e].' ") (quoting Foman, 371 U.S. at 182); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint 'liberally read' suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe . . . . The problem with [this pro se plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading

-13-

would thus be futile. Such a futile request to replead
should be denied.") (citations, internal quotation marks,
and alterations omitted).

Yeboah v. Bank of Am., N.A., No. 3:18-cv-2020 (VAB), 2019 WL 3388045, at *15-16. (D. Conn. Jul. 26, 2019). The defects in the Complaint are substantive, and the plaintiff's claims against the defendants are frivolous.

In addition, it is apparent that "[t]his action [was] filed in bad faith, and any further amendment would also likely be made in bad faith, with the primary goal of engendering further delays in the state court . . . . [B]ad faith is an independent reason for denying leave to amend." Yeboah, 2019 WL 3388045, at *16 n.10 (citing Jin, 310 F.3d at 101; McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)). Defendant Wells Fargo has recounted the plaintiff's dilatory filings in the Eviction Action; in the foreclosure action that preceded it; in two unsuccessful attempts to file for bankruptcy in the United States Bankruptcy Court for the District of Connecticut during the pendency of those actions; and in a related federal action initiated against Wells Fargo--all of which resulted in adverse judgments, dismissed appeals, sanctions, or all three. See Def. Wells Fargo Bank, N.A.'s Mem. of L. in Supp. of Mot. to Dismiss Pl.'s Compl. (ECF No. 13-1), at 1-10.

Also, Massie did not file an opposition to either of the motions to dismiss. Rather, Massie's sole filing other than the

Complaint was a motion for reconsideration of the court's order granting the motion to stay discovery (ECF No. 21). This opposition to the motion to stay discovery included a photograph whose only plausible purpose was to harass a Wells Fargo employee. See ECF No. 21. A judge of this court already removed the same photograph from the public docket in Massie's previous federal action against Wells Fargo. See Order Denying Motion for Extension of Time, Massie v. Wells Fargo Bank, N.A., No. 3:23-cv-1548 (VDO) (Dec. 20, 2023) ("[T]he Court admonishes Plaintiff for his inclusion of derogatory language and the suggestive photograph in the Complaint, and for threatening the defendant that the litigation may become 'unpleasant.' The Court orders the Clerk to seal the Complaint to remove it from the public docket . . . ."). This court will also order that that document be sealed in this action.

## IV. CONCLUSION

For the reasons set forth above, defendant Wells Fargo Bank, N.A.'s motion to dismiss (ECF No. 13) is hereby GRANTED, and defendant Joseph Peter Latino's motion to dismiss (ECF No. 22) is also hereby GRANTED.

This action is DISMISSED with prejudice.

The Clerk shall enter judgment accordingly and close this case.

It is so ordered.

-16-

Dated this 24th day of November 2025, at Hartford, Connecticut.

                                              /s/AWT
                                   Alvin W. Thompson
                           United States District Judge